**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM ALFRED FRANKLIN,

    Petitioner-Appellant,

v.

STATE OF OKLAHOMA, RON
CHAMPION, Warden

    Respondents-Appellees.

No. 99-6449

W.D. Okla.

(D.C. No. 99-CV-1034-M)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

    William Franklin, proceeding pro se, appeals the dismissal of his petition for habeas relief filed under 28 U.S.C. § 2254. He has filed a motion for a certificate of appealability.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

In June 1992, Mr. Franklin was convicted of first degree rape, forcible oral sodomy, lewd or indecent acts with a child under fourteen, and contributing to the delinquency of a minor, each crime committed after a former conviction of a felony. He was sentenced to two life sentences, a 75-year sentence, and a one-year sentence, and a $500.00 fine.

These convictions were affirmed by the Oklahoma Court of Criminal Appeals on May 4, 1995. On July 20, 1998, Mr. Franklin filed an application for post-conviction relief in the state district court. This application was denied by the district court on September 2, 1998 and this denial was affirmed on appeal on November 4, 1998. Mr. Franklin filed his § 2254 petition in federal court on July 19, 1999.

The magistrate judge's report and recommendation concluded that Mr. Franklin's petition should be denied as untimely. Because Mr. Franklin's challenged conviction became "final" before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the one-year period of limitation began to run on April 24, 1996. Further, the magistrate found the tolling provision of § 2242(d)(2) was not implicated because Mr. Franklin did not file his state application for post-conviction relief within one year of that date. Because Mr. Franklin did not file this action until July 19, 1999, the magistrate

concluded his petition was clearly untimely. The district court adopted the magistrate judge's report and recommendation.

We have thoroughly reviewed Mr. Franklin's application for a certificate of appealability, his brief, the magistrate judge's report and recommendation, the district court's order and the entire record before us. We deny Mr. Franklin's application for a certificate of appealability for substantially the same reasons set forth in the magistrate judge's report and recommendation. Accordingly, we deny his request for a certificate of appealability and dismiss the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge